Pudzinski for Petitioner de Paz-Peraza. Two issues today, whether young male Salvadorans is a cognizable particular social group and whether there is a nexus to this particular social group. Respondent only addresses nexus, so I will spend most of my time there. However, on particular social group, young male Salvadorans is clearly cognizable. You're not challenging the ruling with respect to the other two social groups, correct? Correct, Your Honor. Okay, thank you. There's no material difference between the particular social group here and the social group recognized in CC, young Albanian women living alone. Each of these elements were recognized as immutable characteristics. Additionally, the court may want to address particularity and social distinction. The court previously rejected these requirements, but not since the agency's decisions in MEVG and WGR or since Chevron was overturned. Clarification, I think, would help judges and attorneys given the tension between the prior precedent and the intervening changes. Turning to nexus now, applicants need to show that the harm suffered or that they will suffer was on account of a protected ground. Here again, the protected ground is young male Salvadorans. This is a motive inquiry, but it does not need to be the primary or sole motivation, but only a central reason for the persecution. The immigration judge concluded that MS-13 targeted de Paz-Peraza for recruitment because it wanted to fill its ranks with recruits, not because of the particular social group. This is now supported by substantial evidence for three reasons. First, the reasoning is circular, even tautological. Of course, recruitment is filling ranks with recruits, and of course, this is part of what is going on here, but what it fails to consider is that there can be multiple motives and that the particular social group only needs to be a central reason. Second, de Paz-Peraza testified that his threats began in high school, that a lot of boys his age or young men were being targeted, that four friends told him he received the same, they received the same threats, that two friends were killed, that a neighbor was killed, and that his brother was also threatened. This is circumstantial evidence of the persecutory motive. Third, it's corroborated by country conditions evidence. The Inter-American Commission on Human Rights learned that children are being recruited in schools. Outside the record, the Slate article cited, boys are forcefully recruited while very young for fear they will join rival gangs, and the Criminology and Public Policy article states that MS-13 members are overwhelmingly young males in their teens and twenties. Respondent contends the court cannot consider these articles outside the record. However, the court can and does take judicial notice of contraditions as noted in G'dai. Relatedly, respondents contention that a motion to reopen would be more appropriate instead is incorrect. These articles are dated before the agency decisions in this case, meaning there's no change circumstances here, and this is not evidence that was unavailable. The motion would be denied. Respondent also generally contends that Tapas Peraza presented no evidence that MS-13 knew his age or gender, or even if they were aware that they were motivated by these characteristics. On the first, they obviously knew his age and gender. Gang members said they knew who he was, and they also attacked and threatened him in person. MS-13 already knew, or they were able to observe, that he is a young male Salvadoran. On the second, as I mentioned, we have Tapas Peraza's own threats, as well as the timing. He was in high school at the time. We also have the threats and harm to his friends, his brother, and other young male Salvadorans. Similar ages, similar timing, the same threats, join the gang or we'll kill you. And again, this is corroborated by the two conditions evidence. MS-13 members are overwhelmingly young males, and they are forcefully recruited while young because of a fear they may join rival gangs. And if there are no further questions, I'll reserve the remainder of my time for a bubble. Well, I do have a question. In your appendix at page six, it looks like it's the oral ruling of the immigration judge, but it has track changes, and it looks reformatted. Who created that? I believe the immigration judge did that after it was transcribed, but before it was sent to the Board of Immigration Appeals. I'm not sure when in between his decision and it being transcribed and sent to the Board of Immigration Appeals that occurred, but... And he said it just like this, you're saying? This is what the immigration judge filed? I believe so, Your Honor. Yes, okay. Thank you. Good morning. May it please the Court, Dietz LaFleur on behalf of the respondent. This is a no-nexus case. It's a factual finding reviewed for substantial evidence. It's got a dispositive impact on the disposition of the petition as a whole. You heard Petitioner's Counsel, one of his last comments he made, that the gang said, join the gang or we will kill you. That was a gang's continuous motivation throughout the continuum of this case. In fact, the petitioner says at least nine times in the record that the gangs targeted him to fill their ranks. In fact, his mother even said on page 366 of the record that, quote, the gangs wanted to recruit my son. Petitioner's Counsel even concedes on page 23 and 24 of his opening brief that he was targeted for recruitment to fill their ranks. That is the only motivation in the entirety of this record. Substantial evidence of the record shows that throughout the continuum of this case, the gangs targeted Petitioner solely to fill their ranks and for nothing more. Granados Areas is our roadmap for the disposition of this case. In that particular case, excuse me, Boiso Vila would be our roadmap. In that particular case, the social group was a young Christian group. The court similarly found no nexus because the gang was motivated to recruit the petitioner to fill their ranks. In that case, the court said that the youth group must be at least one central reason. That's key. Petitioner misstated. The standard here is not a reason. Granados Areas and WGR make it clear that the standard here is one central reason. Age and gender have to be one central reason to implicate the gang's motivation, not a central reason. Addressing Petitioner's Counsel regarding the slate article that he seeks this court's judicial notice on. As he conceded, he failed to previously submit this to the administration in the first instance and he also conceded that if he were to do that in a motion to reopen, it would be denied. Petitioner cites no binding jurisprudence that enables this court to cure that oversight or failure to submit in his evidence package. If the court has no further questions, we ask that you affirm the lower court's no nexus finding and deny the petition. Any rebuttal, Mr. Brzezinski? Briefly, Your Honors. So the focus on recruitment to fill ranks with recruits. Again, I think that's circular and it's it's a really shallow inquiry into motivation. Why are they recruiting these particular people is, I think, the question that needs to be looked at. And as the articles pointed out, they're recruiting children because they fear that they're going to be recruited by a rival gang. That's why they're focusing on young boys and young children and young men. If they don't recruit them, they're gonna be in a rival gang and they've lost that member. It's not purely because they want to fill the ranks. They aren't going after babies. They're going after young men because otherwise a rival gang will make them members and they will not be able to compete. Thank you. Our thanks to both counsel. The case is taken under advisement and that concludes the court's calendar for today. The court is in recess.